[900 NE2d 966, 872 NYS2d 415]

Frank Adamo, as Executor of Norma Rose, Deceased, et al., Appellants, v Brown & Williamson Tobacco Corporation, as Successor in Interest to The American Tobacco Company, et al., Respondents, et al., Defendant.

Argued November 18, 2008; decided December 16, 2008

## POINTS OF COUNSEL

*Whiteman Osterman & Hanna LLP,* Albany (*Howard A. Levine, Alan J. Goldberg, Christopher W. Meyer, William S. Nolan* and *Christopher M. McDonald* of counsel), and *Finz & Finz, P.C.,* Jericho (*Stuart L. Finz, Jay L. Feigenbaum* and *Todd M. Rubin* of counsel), for appellants. I. The Appellate Division majority erred in imposing a new, impossible-to-meet "consumer acceptability" burden on plaintiffs, a radical and unprecedented step that effectively immunizes the entire cigarette industry from defective design claims. (*Voss v Black & Decker Mfg. Co.,* 59 NY2d 102; *Micallef v Miehle Co., Div. of Miehle-Goss Dexter,* 39 NY2d 376; *Gonzalez v Delta Intl. Mach. Corp.,* 307 AD2d 1020; *Smith v Hub Mfg. Inc.,* 634 F Supp 1505; *Cohen v Hallmark Cards,* 45 NY2d 493; *Denny v Ford Motor Co.,* 87 NY2d 248; *Rypkema v Time Mfg. Co.,* 263 F Supp 2d 687; *Friedman v National Presto Indus., Inc.,* 566 F Supp 762; *Rainbow v Elia Bldg. Co.,* 79 AD2d 287, 54 NY2d 718; *Felix v Akzo Nobel Coatings,* 262 AD2d 447.) II. Plaintiffs established a prima facie case of causation. (*Voss v Black & Decker Mfg. Co.,* 59 NY2d 102; *Gayle v City of New York,* 92 NY2d 936; *Schneider v Kings Hwy. Hosp. Ctr.,* 67 NY2d 743; *Mirand v City of New York,* 84 NY2d 44; *O'Neill v City of Port Jervis,* 253 NY 423; *Nowlin v City of New York,* 81 NY2d 81; *Mercado v Vega,* 77 NY2d 918; *Equitable Life Assur. Socy. of U.S. v Nico Constr. Co.,* 245 AD2d 194; *Mortensen v Memorial Hosp.,* 105 AD2d 151; *McKinnon v Bell Sec.,* 268 AD2d 220.) III. Plaintiffs' negligent design claim is not preempted by federal law. (*FDA v Brown & Williamson Tobacco Corp.,* 529 US 120; *Geier v American Honda Motor Co.,* 529 US 861; *Medtronic, Inc. v Lohr,* 518 US 470; *Retail Clerks v Schermerhorn,* 375 US 96; *Cipollone v Liggett Group, Inc.,* 505 US 504; *Rice v Santa Fe Elevator Corp.,* 331 US 218; *English v*

*General Elec. Co.,* 496 US 72; *Puerto Rico Dept. of Consumer Affairs v ISLA Petroleum Corp.,* 485 US 495; *Solid Waste Agency of Northern Cook Cty. v Army Corps of Engineers,* 531 US 159; *Central Bank of Denver, N. A. v First Interstate Bank of Denver, N. A.,* 511 US 164.) IV. The jury's punitive damages award should stand. (*Nardelli v Stamberg,* 44 NY2d 500; *Home Ins. Co. v American Home Prods. Corp.,* 75 NY2d 196; *Ross v Louise Wise Servs., Inc.,* 8 NY3d 478; *United States v Philip Morris USA, Inc.,* 449 F Supp 2d 1; *Home Ins. Co. v American Home Prods. Corp.,* 75 NY2d 196; *Lugo v LJN Toys,* 146 AD2d 168; *Dubecky v S2 Yachts,* 234 AD2d 501; *Krohn v Agway Petroleum Corp.,* 168 AD2d 858; *Croton Falls Fire Dist. v Pierce Mfg. Co.,* 130 AD2d 456; *Hafner v Guerlain, Inc.,* 34 AD2d 162.)

Mayer Brown LLP, New York City (*Andrew H. Schapiro, Andrew L. Frey, Lauren R. Goldman* and *Scott A. Chesin* of counsel), *Joseph W. Bellacosa,* Garden City, Arnold & Porter LLP, New York City (*Keri L. Arnold* and *Angela Showalter* of counsel), *Winston & Strawn LLP* (*Thomas J. Quigley* and *Luke A. Connelly* of counsel), *Chadbourne & Parke LLP* (*Thomas E. Riley, Ellen Black* and *Cassandre L. Charles* of counsel) and *Arnold & Porter LLP,* Washington, D.C. (*James M. Rosenthal* of counsel), for respondents. I. The Appellate Division correctly dismissed appellants' negligent design claim because there was no evidence of a safer design that would have utility similar to that of regular cigarettes. (*Voss v Black & Decker Mfg. Co.,* 59 NY2d 102; *Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471; *Denny v Ford Motor Co.,* 87 NY2d 248; *Scarangella v Thomas Built Buses,* 93 NY2d 655; *Felix v Akzo Nobel Coatings,* 262 AD2d 447; *Perez v Radar Realty,* 34 AD3d 305; *Pigliavento v Tyler Equip. Corp.,* 248 AD2d 840; *Clinton v Brown & Williamson Holdings, Inc.,* 498 F Supp 2d 639; *Rypkema v Time Mfg. Co.,* 263 F Supp 2d 687; *Micallef v Miehle Co., Div. of Miehle-Goss Dexter,* 39 NY2d 376.) II. Appellants' failure to prove proximate cause provides an independent basis for affirmance. (*Kulak v Nationwide Mut. Ins. Co.,* 40 NY2d 140; *Meiselman v Crown Hgts. Hosp.,* 285 NY 389; *Cipollone v Liggett Group, Inc.,* 683 F Supp 1487.) III. Prejudicial instructional and evidentiary errors would require a retrial if this Court were to reverse the dismissal. (*Denny v Ford Motor Co.,* 87 NY2d 248; *Voss v Black & Decker Mfg. Co.,* 59 NY2d 102; *Scarangella v Thomas Built Buses,* 93 NY2d 655; *J.R. Loftus, Inc. v White,* 85 NY2d 874.) IV. Appellants' negligence claim, as it was sent to the jury, is preempted by federal law. (*Geier v American Honda Motor Co.,* 529 US 861; *Freightliner Corp. v Myrick,* 514 US

280; *FDA v Brown & Williamson Tobacco Corp.,* 529 US 120; *Conley v R.J. Reynolds Tobacco Co.,* 286 F Supp 2d 1097; *Johnson v Brown & Williamson Tobacco Corp.,* 345 F Supp 2d 16; *Insolia v Philip Morris Inc.,* 128 F Supp 2d 1220; *Alvarez v R.J. Reynolds Tobacco Co.,* 313 F Supp 2d 61; *Spain v Brown & Williamson Tobacco Corp.,* 363 F3d 1183; *Puerto Rico Dept. of Consumer Affairs v ISLA Petroleum Corp.,* 485 US 495; *Bob Jones Univ. v United States,* 461 US 574.) V. The punitive damages award cannot stand. (*Sharapata v Town of Islip,* 56 NY2d 332; *McDougald v Garber,* 73 NY2d 246; *Lugo v LJN Toys,* 146 AD2d 168; *Dubecky v S2 Yachts,* 234 AD2d 501; *Krohn v Agway Petroleum Corp.,* 168 AD2d 858; *Croton Falls Fire Dist. v Pierce Mfg. Co.,* 130 AD2d 456; *West v Goodyear Tire & Rubber Co.,* 973 F Supp 385; *Camillo v Geer,* 185 AD2d 192; *Hafner v Guerlain, Inc.,* 34 AD2d 162; *Home Ins. Co. v American Home Prods. Corp.,* 75 NY2d 196.)

*Goldberg Segalla LLP,* Buffalo (*Neil A. Goldberg, Matthew S. Lerner* and *Bryan D. Richmond* of counsel), and *Hugh F. Young, Jr.,* Reston, Virginia, for Product Liability Advisory Council, Inc., amicus curiae. I. This Court should affirm the Appellate Division's decision and order because it relies upon well-settled principles stated in *Voss v Black & Decker Mfg. Co.* (59 NY2d 102 [1983]) and the departure from these principles will have a dire statewide and national impact on future litigation concerning liability for product design defects. (*Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471; *Clinton v Brown & Williamson Holdings, Inc.,* 498 F Supp 2d 639; *Friedman v National Presto Indus., Inc.,* 566 F Supp 762; *Denny v Ford Motor Co.,* 87 NY2d 248; *Felix v Akzo Nobel Coatings,* 262 AD2d 447; *Perez v Radar Realty,* 34 AD3d 305; *Pigliavento v Tyler Equip. Corp.,* 248 AD2d 840; *Scarangella v Thomas Built Buses,* 93 NY2d 655; *Codling v Paglia,* 32 NY2d 330.) II. Appellants' argument requires this Court to go beyond its defined role in this state's tripartite system and imposes a paternalistic view of products liability not considered in New York jurisprudence. (*MacPherson v Buick Motor Co.,* 217 NY 382; *Micallef v Miehle Co., Div. of Miehle-Goss Dexter,* 39 NY2d 376; *Campaign for Fiscal Equity, Inc. v State of New York,* 8 NY3d 14; *Matter of 89 Christopher v Joy,* 35 NY2d 213; *FDA v Brown & Williamson Tobacco Corp.,* 529 US 120; *Klostermann v Cuomo,* 61 NY2d 525; *Codling v Paglia,* 32 NY2d 330; *Pommells v Perez,* 4 NY3d 566; *Matter of Jensen v Southern Pac. Co.,* 215 NY 514; *Sanatass v Consolidated Inv. Co., Inc.,* 10 NY3d 333.)

*James A. Henderson, Jr.,* Ithaca, for Professor James A. Hen-

derson, Jr., amicus curiae. I. New York products liability law, as well as American products law generally, weighs heavily the interests of consumers in being allowed to choose products they deem useful and enjoyable. (*Voss v Black & Decker Mfg. Co.,* 59 NY2d 102; *Codling v Paglia,* 32 NY2d 330; *Scarangella v Thomas Built Buses,* 93 NY2d 655.) II. Ignoring the fact that consumers of regular cigarettes would not choose to smoke, plaintiffs' proposed alternative cannot be justified on the ground that cigarettes represent a special category of products that deserve to be banned from further sale or consumption. (*McCarthy v Olin Corp.,* 119 F3d 148; *Estate of White v R.J. Reynolds Tobacco Co.,* 109 F Supp 2d 424; *Kotler v American Tobacco Co.,* 926 F2d 1217; *Gunsalus v Celotex Corp.,* 674 F Supp 1149.)

*Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP,* Washington, D.C. (*Rachel Li Wai Suen* of counsel), and *National Chamber Litigation Center, Inc.* (*Robin S. Conrad* of counsel), for Chamber of Commerce of the United States of America, amicus curiae. I. Plaintiffs cannot prevail on a "reasonable alternative design" theory without evidence comparing the utility of regular and ultralight cigarettes. (*Dreisonstok v Volkswagenwerk, A.G.,* 489 F2d 1066; *Monahan v Toro Co.,* 856 F Supp 955; *Dyson v General Motors Corp.,* 298 F Supp 1064; *Denny v Ford Motor Co.,* 87 NY2d 248; *United States v Carroll Towing Co.,* 159 F2d 169; *Lavespere v Niagara Mach. & Tool Works, Inc.,* 910 F2d 167.) II. Plaintiffs offer no reason why their case should be treated differently from any other "reasonable alternative design" case. (*Linegar v Armour of Am., Inc.,* 909 F2d 1150; *Singleton v International Harvester Co.,* 685 F2d 112.)

**OPINION OF THE COURT**

SMITH, J.

Plaintiffs claim that two cigarette companies were negligent in designing their product, in that they should have used lower levels of tar and nicotine. We agree with the Appellate Division that plaintiffs failed to prove an essential element of their case: that regular cigarettes and "light" cigarettes have the same "utility." The only "utility" of a cigarette is to gratify smokers' desires for a certain experience, and plaintiffs did not prove, or try to prove, that light cigarettes perform this function as well as regular cigarettes.

Norma Rose, who died during the pendency of this appeal, smoked for more than 40 years, consuming more than a pack a

day of regular cigarettes. Beginning in the late 1960s, the products she smoked were manufactured by the American Tobacco Company and Philip Morris USA Inc. Ms. Rose quit smoking in 1993, and was diagnosed two years later with lung cancer and another condition allegedly caused by smoking. She and her husband brought a number of claims against American Tobacco's successor (Brown & Williamson Tobacco Corporation), Philip Morris and a third company. All their claims except one for negligent product design were dismissed at the trial level and are not now before us.

A jury found that American Tobacco and Philip Morris negligently designed the cigarettes Ms. Rose smoked and, in later phases of the trial, awarded compensatory and punitive damages. The Appellate Division reversed the resulting judgment, with two Justices dissenting, and granted judgment in defendants' favor (53 AD3d 80 [2008]). Plaintiffs appeal to us pursuant to CPLR 5601 (a), and we now affirm the Appellate Division's order.

In *Voss v Black & Decker Mfg. Co.* (59 NY2d 102, 108 [1983]), speaking of a claim of strict product liability, we said: "The plaintiff . . . is under an obligation to present evidence that the product, as designed, was not reasonably safe because there was a substantial likelihood of harm and it was feasible to design the product in a safer manner." While this is a negligence, not a strict liability, case, similar requirements apply—specifically, plaintiffs here had to prove that "it was feasible to design the product in a safer manner." This means, to use again the language of *Voss*, the plaintiffs must show "the potential for designing . . . the product so that it is safer but remains functional" (*id.* at 109).

Here, plaintiffs presented evidence from which a jury could find that light cigarettes—cigarettes containing significantly lower levels of tar and nicotine—are "safer" than regular cigarettes, but they did not show that cigarettes from which much of the tar and nicotine has been removed remain "functional." The function of a cigarette is to give pleasure to a smoker; plaintiffs have identified no other function. Plaintiffs made no attempt to prove that smokers find light cigarettes as satisfying as regular cigarettes—indeed, it is virtually uncontested that they do not. Both regular and light cigarettes are available on the market, and the enhanced dangers that come from smoking regular cigarettes are well known, but large numbers of consumers continue to prefer regular cigarettes.

It is not necessary in every product liability case that the plaintiff show the safer product is as acceptable to consumers as the one the defendant sold; but such a showing is necessary where, as here, satisfying the consumer is the only function the product has. A cigarette is a different kind of product from the circular saw in *Voss*, whose function was to cut wood, or the molding machine in *Robinson v Reed-Prentice Div. of Package Mach. Co.* (49 NY2d 471 [1980]), whose function was to melt and form plastic.

We find an apt analogy, as the Appellate Division did, in *Felix v Akzo Nobel Coatings* (262 AD2d 447 [2d Dept 1999]). The product involved in *Felix* was a quick drying lacquer sealer made from a highly flammable solvent base. The plaintiff argued that a safer design was "feasible," because a sealer can be made from a water base, but the plaintiff's expert "admitted that the water-based products take hours longer to dry" (*id.* at 448). The court in *Felix* found that this "functional difference" defeated the plaintiff's case; the plaintiff failed to produce evidence "that there was an alternative, safer design" serving the same function (*id.* at 448, 449). Similarly, here plaintiffs' case fails because plaintiffs failed to show that light cigarettes are equivalent in function, or utility, to regular ones.

Of course we are conscious, as everyone must be, of the irony in speaking of cigarettes' "utility." A strong argument can be made that, when the pleasure they give smokers is balanced against the harm they do, regular cigarettes are worse than useless. But it is still lawful for people to buy and smoke regular cigarettes, and for cigarette companies to sell them. To hold, as plaintiffs ask, that every sale of regular cigarettes exposes the manufacturer to tort liability would amount to a judicial ban on the product. If regular cigarettes are to be banned, that should be done by legislative bodies, not by courts.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

PIGOTT, J. (dissenting). I respectfully dissent. Plaintiffs met their burden of establishing that defendants were able to design a safer cigarette that maintained the functionality of a regular cigarette (*see Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 109 [1983]). The majority concludes, however, that plaintiffs were required "to prove that smokers find light cigarettes as satisfying as regular cigarettes," and were further obligated to prove that cigarettes serve some function other than to provide plea-

sure (majority op at 550). In my view, this language improperly shifts the burden of proving consumer acceptability to plaintiffs.

At trial, defendants moved "to offer evidence tending to prove that the 'safer alternative design' suggested by plaintiffs was not feasible because it was not acceptable to consumers (i.e., not commercially viable)" (10 Misc 3d 680, 696-697 [2005]). The trial court denied that motion, concluding that evidence of commercial viability of the lighter cigarette was irrelevant to its feasibility or functionality (*id*. at 699). That was error and, therefore, I would remit the matter to Supreme Court for a new trial to permit defendants the opportunity to present proof of the alleged commercial unacceptability of the lighter cigarette as compared to the regular cigarette.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ and JONES concur with Judge SMITH; Judge PIGOTT dissents in a separate opinion.

Order affirmed, with costs.