S.F., as Parent and Natural Guardian of S.E.F., an Infant, Plaintiff–Appellant,

v.

ARCHER DANIELS MIDLAND COMPANY, Cargill Inc., Ingredion Inc., Tate & Lyle Ingredients Americas, LLC, Roquette America Inc., Defendants–Appellees,

Penford Products Corporation, Defendant.

No. 14–1615–cv.

United States Court of Appeals, Second Circuit.

Dec. 11, 2014.

John Michael Hayes, Law Office of J. Michael Hayes, Buffalo, NY, for Plaintiff–Appellant.

Stephen Victor D'Amore (Dan K. Webb, Scott P. Glauberman, Cornelius M. Murphy, William P. Ferranti, on the brief), Winston & Strawn LLP, Chicago, IL, and Kevin M. Hogan, Phillips Lytle LLP, Buf-

**12**

falo, NY, for Defendants–Appellees Archer Daniels Midland Company, Cargill Inc., Ingredion Inc., Tate & Lyle Ingredients Americas, LLC.

David Ray Adams, Hurwitz & Fine P.C., Buffalo, NY, and Peter N. Wang, Yonaton Aronoff, Foley & Lardner LLP, New York, NY, for Defendant–Appellee Roquette America Inc.

PRESENT: DENNY CHIN, SUSAN L. CARNEY, Circuit Judges, ROBERT W. SWEET, District Judge.*

### *SUMMARY ORDER*

Plaintiff-appellant S.F., as parent and natural guardian of S.E.F., an infant,[1] appeals from the judgment of the district court entered April 22, 2014 dismissing S.F.'s amended complaint against defendants-appellees, manufacturers of high fructose corn syrup (the "defendants"). S.F. alleges that S.E.F.'s consumption of high fructose corn syrup was a substantial factor in causing S.E.F. to develop Type 2 Diabetes. By decision and order filed April 21, 2014, the district court granted defendants' 12(b)(6) motion to dismiss S.F.'s complaint, which alleged claims for negligence, gross negligence, strict products liability resulting from design defect, and failure to warn under New York law. We assume the parties' familiarity with the facts, the procedural history, and the issues presented for review.

We review a district court's dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "*de novo*, construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff[s'] fa-

vor." *Bryant v. N.Y, State Educ. Dep't*, 692 F.3d 202, 210 (2d Cir.2012) (alteration in original) (internal quotation marks omitted).

First, S.F.'s claims for negligence, gross negligence, and strict products liability based in design defects fail because she did not allege a safer alternative design for high fructose corn syrup. To state a claim for defective design under New York strict products liability law, a plaintiff must allege that: "(1) the product as designed posed a substantial likelihood of harm; (2) it was feasible to design the product in a safer manner; and (3) the defective design was a substantial factor in causing plaintiff's injury." *Lewis v. Abbott Labs.*, No. 08 Civ. 7480(SCR)(GAY), 2009 WL 2231701, at *4 (S.D.N.Y. July 24, 2009) (citing *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 106–08, 463 N.Y.S.2d 398, 450 N.E.2d 204 (1983)) (internal quotation marks omitted). "New York courts generally consider strict products liability and negligence claims to be functionally synonymous." *Goldin v. Smith & Nephew, Inc.*, No. 12 Civ. 9217(JPO), 2013 WL 1759575, at *6 (S.D.N.Y. Apr. 24, 2013) (citing *Denny v. Ford Motor Co.*, 87 N.Y.2d 248, 258, 639 N.Y.S.2d 250, 662 N.E.2d 730 (1995)) (internal quotation marks omitted). S.F. failed to plead a safer alternative form of high fructose corn syrup, and S.F.'s attorney conceded as much during oral arguments. As the district court noted, while S.F. may be suggesting that high fructose corn syrup should not be used at all, a design-defect claim will not stand if the only alternative is an outright ban. *See Clinton v. Brown & Williamson Holdings,*

---

* The Honorable Robert W. Sweet, of the United States District Court for the Southern District of New York, sitting by designation.

1. Fed.R.Civ.P. 5.2(a) dictates that only a minor's initials should be used in publicly filed documents, and this rule extends to the child's parents. *See P.M. v. Evans–Brant Cent. Sch. Dist.*, No. 08–CV–168A, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22, 2008).

*Inc.,* 498 F.Supp.2d 639, 648 (S.D.N.Y. 2007); *Adamo v. Brown & Williamson Tobacco Corp.,* 11 N.Y.3d 545, 551, 872 N.Y.S.2d 415, 900 N.E.2d 966 (2008).

Second, all of S.F.'s claims rely on "market-share liability theory," and we reject its application to this case. The doctrine "provides an exception to the general rule that ... a plaintiff must prove that the defendant's conduct was a cause-in-fact of the injury." *Hamilton v. Beretta U.S.A. Corp.,* 96 N.Y.2d 222, 240, 727 N.Y.S.2d 7, 750 N.E.2d 1055 (2001). Under New York's market-share liability theory, first adopted in *Hymowitz v. Eli Lilly & Co.,* 73 N.Y.2d 487, 541 N.Y.S.2d 941, 539 N.E.2d 1069 (1989), a defendant manufacturer may—in limited circumstances— "be presumed liable to the extent of its share of the relevant product market." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.,* 725 F.3d 65, 115 (2d Cir.2013). Market-share liability, however, "has been sparingly adopted" and "[i]ts application has been largely rejected by the courts primarily on the ground that the product in question was not fungible." *Matter of N.Y. State Silicone Breast Implant Litig.,* 166 Misc.2d 85, 631 N.Y.S.2d 491, 493 (Sup.Ct.1995). Here, defendants manufactured a product that was used in non-fungible products identifiable by brand names. *See Brenner v. Am. Cyanamid Co.,* 263 A.D.2d 165, 699 N.Y.S.2d 848, 853 (1999) (rejecting market-share liability where "the finished product that was used by consumers ... was not fungible"); *DaSilva v. Am. Tobacco Co.,* 175 Misc.2d 424, 667 N.Y.S.2d 653, 655 (Sup.Ct.1997) (rejecting market-share liability where plaintiffs could identify brands). *Hymowitz* is the only Court of Appeals case to

apply market-share liability, and the facts of that case are unique.[2] We decline to extend market-share liability to S.F.'s case substantially for the reasons articulated by the district court in its thorough and well-reasoned order.

We have reviewed S.F.'s remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

---

2. "We stress, however, that the DES situation [pregnant women ingesting the drug diethylstilbestrol] is a singular case, with manufacturers acting in a parallel manner to produce an identical, generically marketed product, which causes injury many years later, and which has evoked a legislative response reviving previously barred actions." *Hymowitz,* 73 N.Y.2d at 508, 541 N.Y.S.2d 941, 539 N.E.2d 1069.