14-1615-cv
*S.F. v. Archer Daniels Midland Co., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand fourteen.

PRESENT:   DENNY CHIN,
             SUSAN L. CARNEY,
                    *Circuit Judges.*
             ROBERT W. SWEET,
                    *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

S.F., AS PARENT AND NATURAL GUARDIAN
OF S.E.F., AN INFANT,

                 *Plaintiff-Appellant,*

                v.                              14-1615-cv

ARCHER DANIELS MIDLAND COMPANY, CARGILL
INC., INGREDION INC., TATE & LYLE INGREDIENTS
AMERICAS, LLC, ROQUETTE AMERICA INC.,

                 *Defendants-Appellees,*

---

[*]     The Honorable Robert W. Sweet, of the United States District Court for the Southern District of New York, sitting by designation.

PENFORD PRODUCTS CORPORATION,

                          *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | JOHN MICHAEL HAYES, Law Office of J. Michael Hayes, Buffalo, New York. |
| FOR DEFENDANTS-APPELLEES ARCHER DANIELS MIDLAND COMPANY, CARGILL INC., INGREDION INC., TATE & LYLE INGREDIENTS AMERICAS, LLC: | STEPHEN VICTOR D'AMORE (Dan K. Webb, Scott P. Glauberman, Cornelius M. Murphy, William P. Ferranti, *on the brief*), Winston & Strawn LLP, Chicago, Illinois, and Kevin M. Hogan, Phillips Lytle LLP, Buffalo, New York. |
| FOR DEFENDANT-APPELLEE ROQUETTE AMERICA INC.: | David Ray Adams, Hurwitz & Fine P.C., Buffalo, New York, and Peter N. Wang, Yonaton Aronoff, Foley & Lardner LLP, New York, New York. |

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant S.F., as parent and natural guardian of S.E.F., an infant,[1] appeals from the judgment of the district court entered April 22, 2014 dismissing S.F.'s amended complaint against defendants-appellees, manufacturers of high fructose corn syrup (the "defendants"). S.F. alleges that S.E.F.'s consumption of high fructose corn syrup was a substantial factor in causing S.E.F. to develop Type 2 Diabetes. By decision

---

[1] Fed. R. Civ. P. 5.2(a) dictates that only a minor's initials should be used in publicly filed documents, and this rule extends to the child's parents. *See P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 08-CV-168A, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22, 2008).

and order filed April 21, 2014, the district court granted defendants' 12(b)(6) motion to dismiss S.F.'s complaint, which alleged claims for negligence, gross negligence, strict products liability resulting from design defect, and failure to warn under New York law.  We assume the parties' familiarity with the facts, the procedural history, and the issues presented for review.

We review a district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "*de novo*, construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff[s'] favor." *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 210 (2d Cir. 2012) (alteration in original) (internal quotation marks omitted).

First, S.F.'s claims for negligence, gross negligence, and strict products liability based in design defects fail because she did not allege a safer alternative design for high fructose corn syrup.  To state a claim for defective design under New York strict products liability law, a plaintiff must allege that: "(1) the product as designed posed a substantial likelihood of harm; (2) it was feasible to design the product in a safer manner; and (3) the defective design was a substantial factor in causing plaintiff's injury." *Lewis v. Abbott Labs.*, No. 08 Civ. 7480(SCR)(GAY), 2009 WL 2231701, at *4 (S.D.N.Y. July 24, 2009) (citing *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 106-08 (1983)) (internal quotation marks omitted).  "New York courts generally consider strict products liability and negligence claims to be functionally synonymous." *Goldin v.*

*Smith & Nephew, Inc.*, No. 12 Civ. 9217(JPO), 2013 WL 1759575, at *6 (S.D.N.Y. Apr. 24, 2013) (citing *Denny v. Ford Motor Co.*, 87 N.Y.2d 248, 258 (1995)) (internal quotation marks omitted). S.F. failed to plead a safer alternative form of high fructose corn syrup, and S.F.'s attorney conceded as much during oral arguments. As the district court noted, while S.F. may be suggesting that high fructose corn syrup should not be used at all, a design-defect claim will not stand if the only alternative is an outright ban. *See Clinton v. Brown & Williamson Holdings, Inc.*, 498 F. Supp. 2d 639, 648 (S.D.N.Y. 2007); *Adamo v. Brown & Williamson Tobacco Corp.*, 11 N.Y.3d 545, 551 (2008).

Second, all of S.F.'s claims rely on "market-share liability theory," and we reject its application to this case. The doctrine "provides an exception to the general rule that . . . a plaintiff must prove that the defendant's conduct was a cause-in-fact of the injury." *Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 240 (2001). Under New York's market-share liability theory, first adopted in *Hymowitz v. Eli Lilly & Co.*, 73 N.Y.2d 487 (1989), a defendant manufacturer may -- in limited circumstances -- "be presumed liable to the extent of its share of the relevant product market." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 725 F.3d 65, 115 (2d Cir. 2013). Market-share liability, however, "has been sparingly adopted" and "[i]ts application has been largely rejected by the courts primarily on the ground that the product in question was not fungible." *Matter of N.Y. State Silicone Breast Implant Litig.*, 631 N.Y.S.2d 491, 493 (Sup. Ct. 1995). Here, defendants manufactured a product that was used in non-fungible products

- 4 -

identifiable by brand names.  *See Brenner v. Am. Cyanamid Co.*, 699 N.Y.S.2d 848, 853 (App. Div. 1999) (rejecting market-share liability where "the finished product that was used by consumers . . . was not fungible"); *DaSilva v. Am. Tobacco Co.*, 667 N.Y.S.2d 653, 655 (Sup. Ct. 1997) (rejecting market-share liability where plaintiffs could identify brands).  *Hymowitz* is the only Court of Appeals case to apply market-share liability, and the facts of that case are unique.[2]  We decline to extend market-share liability to S.F.'s case substantially for the reasons articulated by the district court in its thorough and well-reasoned order.

We have reviewed S.F.'s remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2]     "We stress, however, that the DES situation [pregnant women ingesting the drug diethylstilbestrol] is a singular case, with manufacturers acting in a parallel manner to produce an identical, generically marketed product, which causes injury many years later, and which has evoked a legislative response reviving previously barred actions." *Hymowitz*, 73 N.Y.2d at 508.